993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth ROSS, Petitioner-Appellant,
v.
Thomas P. ROTH, Warden, Respondent-Appellee.
 No. 92-3216.
 United States Court of Appeals, Seventh Circuit.
 Argued March 31, 1993.
Decided May 5, 1993.
 
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and REAVLEY, Senior Circuit Judge.*
 
 Order
 
 1
 Kenneth Ross and Mark Mosley were convicted in an Illinois court of murder and armed robbery. They were tried together and defended by the same attorney. By this habeas suit Ross claims a Sixth Amendment violation because of the attorney's conflict in representing both defendants. The district judge denied the writ and we affirm.
 
 
 2
 The prosecution introduced confessions of both defendants, conflicting in that each one of them said that he was only the lookout and not otherwise a participant. Ross did not testify. Mosley took the witness stand and repudiated his confession as the result of coercion; he further testified that he had been in a gameroom with Ross on the evening of the crime.
 
 
 3
 Because Mosley testified and was helpful to Ross' defense, Ross cannot now claim a deprivation of the right of confrontation under the rule of Bruton.[1] Nelson v. O'Neil (1971), 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222. What he does argue is that the attorney's inability to explore a plea agreement for Ross, with Ross possibly testifying for the prosecution, and the inability to argue to the court at sentencing that Ross deserved lighter punishment because he was only the lookout while Mosley participated in the murder--deprived Ross of a conflict free defense. There is no evidence that a plea agreement, advantageous to Ross was discussed or even considered. Under Illinois law the lookout would be fully accountable, and anyway, no attorney would expect to persuade the judge to believe a minor part of Ross' confession after being assured by his defense that it was entirely untrue. The contention is also advanced that Mosley's confession and testimony somehow affected Ross' decision not to testify. No explanation is given for this contention, and we can think of none.
 
 
 4
 The most that can be said about this is that a possible conflict existed which never became an actual conflict. The defense of both defendants was that they were not present at the crime scene and were not guilty. Their confessions, upon which they were convicted, were repudiated as the product of coercion. That was inconsistent with either having a lookout role, and the record contains no sign of opportunity for a plea bargain. Ross' position, if sustained, would prohibit all multiple representations, despite the law to the contrary. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Cates v. Superintendent, Indiana Youth Center, 981 F.2d 949 (7th Cir.1992).
 
 
 5
 Finding neither an actual conflict nor conduct that adversely affected the attorney's performance, we affirm the judgment denying the writ.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 (1986) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476